John Frazier

    vs  No.8608

South N.O.Lt and T.Co.Appellant .

Charles F.Claiborne,Judge.

March 19th 1923 .

3/19/23

Charles F.Claiborne,Judge.

This is a damage suit resulting from a collision of two street cars.

The plaintiff alleged that he was a passenger on one of defendant's street cars on January 19th 1921 in Algiers; that there happened a head-on collision between the car in the rear of which he was standing and another car operated by the defendant company;that he was pitched through the rear door of the car,struck the controller box with the side of his face and head,and fell to the platform on his right hand and wrist;that he suffered a severe contusion of the face and a sprain of the hand and wrist,and an injury to the eye that caused him intense pain;that he was unable to work until March 21st 1921,a period of about fifty one working days;that he is a cotton screwman earning eight dollars a day;that he was put to the expense of $41.00 for Doctors and drugs;"that the said sollision and result ing injuries and disability were caused by the gross fault and negligence of the said Company,its agent and employees,in failing to have careful and competent employees and failing to have proper braking apparatus on said cars;and failing to control the said cars so as to avoid the said collision." He asked a judgment for $408 for loss of work,$41 for expenses and $500 for suffering.

Defendant denied each allegation of plaintiff's petition and payed for dismissal of the suit.

There was judgment for plaintiff for $250.00 and defendants have appealed.

The plaintiff proved the collision and the nature of his injury.But not a word of the testimony refers to the failure of the defendant to have careful or competent employees or proper braking apparatus.

343

The defendant introduced no evidence as to the cause of the accident.

In Fink-Reed vs Lancaster No.8318 Ct.App. we said, on the authority of numerous opinions from our Supreme Court;

" It is the duty of the carrier to exercise a high degree of care and skill to carry a passenger and to set him down safely at his place of destination.If the passenger should suffer injury,the carrier is liable in damages,unless he proves that the damage was not his fault,and was the result of the passenger's own fault."

Under that decision when the passenger is injured all he has to allege and prove is a derailment,an explosion,a collision,or other accident,and an injury to himself,and the carrier is liable unless he explains that the accident was without his fault.123 S.W.848-127 La 309 .

X But the defendant argues that the above rule is correct when the plaintiff makes only a general allegation of negligence on the part of the carrier;but if he alleges the specific acts of negligence,the burden of proof is shifted to the plaintiff who must prove those acts or fail in his suit.In support of his position he quotes numerous authorities from other States,but none from this State.

The plaintiff in this case does allege general negligence on the part of the defendant.Inasmuch as under our jurisprudence that allegation was sufficient to entitle plaintiff to recover,we consider all the specific allegations of negligence as mere surplusage,and not essential to be proven by plaintiff. We do not favor the grafting of technicalities or the digging of pitfalls in our practice and jurisprudence.We prefer to adopt the rule of fair practice laid down by Judge Provosty in 127 La 309 in these words;

" Where a plaintiff cannot be expected to have any

information as to the causes of an accident,whereas defendant must be assumed to be fully informed,and where the accident is of the kind which ordinarily does not occur when due care has been exercised,plaintiff need not allege nor prove the particular acts of omission or commision from which the accident resulted; but the accident itself makes out a prima facie case,casting on on defendant the burden to show absence of negligence,and this rule is of peculiar applicability in cases of boiler explosions;"

The plaintiff has asked for an increase of damages. But we think that the District Judge was liberal in his allowance.Neither are we inclined to reduce the damages.This cause should not have reached the Courts.

It presents a clear case of some liability,and the only hope of the defendant to defeat it,was the maintenance of an exotic rule of practice which has kept the plaintiff from his just dues for over two years.

Judgment affirmed.

March 19 th 1923.